UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYDIA ZOU, individually; BLAIR FLEMING, individually,<br><br>Plaintiffs,<br><br>v.<br><br>MULTIPLAN, INC., a foreign corporation; REGENCE BLUESHIELD, a Washington corporation,<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD |

PLEASE TAKE NOTICE THAT Defendants MultiPlan, Inc. ("MultiPlan") and Regence BlueShield ("Regence") (together, "Defendants") remove this action—with reservation of all defenses and rights—from the Superior Court of Washington for King County, Case No. 23-2-18847-1, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

I. **PROCEDURAL HISTORY**

Plaintiffs, Dr. Lydia Zou and Blair Fleming (together, "Plaintiffs"), filed this lawsuit on or about October 2, 2023, in the Superior Court of Washington for King County. Both Defendants were served on October 5, 2023. On October 24, 2023, Defendants filed a Motion for Extension of Time to Respond to Complaint and a Motion to Shorten Time on Consideration of the Motion

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 1

7816656.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

for Extension. On October 26, 2023, Plaintiffs filed an Opposition to Defendants' Motion for Extension, and on October 27, 2023, Defendants filed a Reply in Support of the Motion for Extension. The Motion for Extension remains pending.

## II. **PLAINTIFFS' COMPLAINT**[1]

Plaintiffs' Complaint, styled as a putative class action, generally alleges that MultiPlan attempted to collect subrogation reimbursement by conveying the false statement that Plaintiffs' health plans were ERISA plans when, in fact, Plaintiffs' health plans were non-ERISA plans and not subject to subrogation reimbursement. More specifically, Plaintiffs allege that Dr. Zou was injured by an uninsured driver. Complaint, ¶ 3.23. At the time, Dr. Zou was employed by Valley Medical Center and covered by Valley Medical Center's health plan, which is administered by Regence. *Id.* at ¶¶ 3.21-3.22. After the accident, Dr. Zou's auto insurer agreed to tender the policy limits of her underinsured motorist ("UIM") coverage in the amount of $250,000. *Id.* at ¶¶ 3.30-3.31. Regence allegedly requested that that Dr. Zou contact MultiPlan before accepting the UIM benefits, which she did. *Id.* at ¶¶ 3.32-3.33. Plaintiffs allege that MultiPlan, acting as a "collection compan[y]," attempted to collect half of the UIM benefits in subrogation reimbursement to Dr. Zou's health plan. *Id.* at ¶¶ 3.15, 3.45. Plaintiffs allege that under Washington law, Dr. Zou's non-ERISA health plan was not entitled to subrogation because Dr. Zou had not been "made whole" by the UIM benefits. *Id.* at ¶ 3.5. Plaintiffs allege that MultiPlan falsely told Dr. Zou that her health plan was an ERISA plan in its attempts to collect a portion of the UIM benefits. *Id.* at ¶¶ 3.50-3.51, 3.57. Dr. Zou's attorney notified MultiPlan that Dr. Zou's health plan was not an ERISA plan, and MultiPlan ultimately waived reimbursement. *Id.* at ¶¶ 3.62-3.63. Dr. Zou claims that by the time that occurred, however, she "had lost access to her UIM funds for several months, and incurred fees and expenses." *Id.* at ¶ 3.64.

As for Ms. Fleming, Plaintiffs allege that she was involved in an auto accident, after which

---

[1] **Attachment A** is a copy of Plaintiffs' Complaint.

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 2

7816656.1

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 2

7816656.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  MultiPlan sent her a letter titled "Notice of ERISA Lien" that incorrectly identified her health plan
2  as an ERISA plan. *Id.* at ¶¶ 3.67-3.68. A MultiPlan employee allegedly later reiterated that the
3  health plan was an ERISA plan. *Id.* at ¶ 3.70.

4        Based on these allegations, Plaintiffs allege 3 theories of liability: (1) violation of
5  Washington's Consumer Protection Act, RCW 19.86 *et seq.*, (2) tortious interference with
6  contractual relations and expectancy, and (3) violation of the Criminal Profiteering Act. *Id.* at
7  ¶¶ 4.1-6.4. Plaintiffs seek damages as well as declaratory and injunctive relief. *Id.* at ¶¶ 7.1-9.3.

### III. BASIS FOR REMOVAL

      A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This action is removable because (1) complete diversity exists between Plaintiffs and the only properly joined Defendant, MultiPlan, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**A.  There is complete diversity among properly joined defendants.**

      Diversity jurisdiction requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). MultiPlan is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. Therefore, MultiPlan is a citizen of New York. Plaintiffs are alleged to be citizens of Washington. Complaint, ¶¶ 1.1, 1.2. Accordingly, complete diversity exists between each Plaintiff and each properly joined defendant.

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 3

7816656.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**B.     Regence was not properly joined and its citizenship should not be considered for purposes of diversity jurisdiction.**

Plaintiffs fail to assert any viable claim against Defendant Regence, the only nondiverse defendant named in the Complaint. "It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Joinder of a non-diverse defendant is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Here, though Plaintiffs name Regence as a defendant, it is abundantly clear that their Complaint is actually aimed at the alleged acts of MultiPlan.

Plaintiffs seek damages and injunctive and declaratory relief based on three theories of liability. First, Plaintiffs claim that they are entitled to relief for "deceptive subrogation collection practices" under Washington's Consumer Protection ("CPA"), RCW 19.86.010, *et seq*. Plaintiffs assert that deceptive subrogation practices are subject to the CPA, and that "[t]he above-described conduct by Defendants constitutes unfair and deceptive practices in trade or commerce . . . causing injury to Plaintiffs' business and property." Complaint, ¶ 4.1. However, "the above-described conduct" relates solely to alleged wrongful conduct of MultiPlan, not Regence. In fact, upon closer inspection, Plaintiffs reveal that their CPA claim is not directed towards Regence at all. Instead, the Complaint provides that "*MultiPlan's conduct* directly undermines decades of public policy established by the Supreme Court . . . that injury victims should not be forced into undue litigation and expense to prove they are not made whole and do not owe a debt to a health plan, even when the victim settles for less than policy limits." *Id*. at ¶ 4.3 (emphasis added); *see also* ¶ 3.76 ("MultiPlan has a pattern and practice of attempting to collect thousands of dollars from injured victims based on deception . . ."); ¶ 11.3 ("Plaintiffs bring claims on behalf of themselves and the Class on the issue of Consumer Protection Act liability, to establish that MultiPlan engaged in

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 4

7816656.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

unfair and deceptive practices . . ."). There are simply no allegations of wrongdoing against Regence.

Furthermore, to state a claim under the CPA, a plaintiff must allege "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531, 533 (1986). There are no allegations as to the fundamental element that Regence committed an unfair or deceptive act or practice. Rather, the Complaint is focused entirely on "MultiPlan's conduct."

Next, Plaintiffs assert a claim for tortious interference with contractual relations and business expectancy under Washington state law. The crux of their claim is that "Plaintiff Lydia Zou had a contractual relationship with Safeco in which she paid premiums in exchange for UIM benefits" and that MultiPlan "intentionally interfered with Plaintiff's expected UIM benefits." *See* Complaint, ¶¶ 5.1-5.4. Plaintiffs do not allege, assert, or otherwise explain any supposed connection between Regence and their tortious interference claim. As made clear in the Complaint, it was only MultiPlan's alleged "unlawful and deceptive collection efforts and months-long delays" that "caused damages to Plaintiff." *Id.* at ¶¶ 5.3-5.4. Again, Plaintiffs cannot establish a claim against Regence under this theory of liability when the claim, as alleged, is indisputably not directed towards Regence.

Finally, Plaintiffs are likewise unable to establish a cause of action against Regence, or any Defendant, based on an alleged violation of Washington's Criminal Profiteering Act, RCW 9A.82.001, *et seq*. In order to state such a claim, Plaintiffs must allege that their injury "is caused by an act of criminal profiteering that is part of a pattern of criminal profiteering activity or by a violation of RCW 9A.82.060." *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 838, 355 P.3d 1100, 1109 (2015). Moreover, "to allege a profiteering claim based on leading organized crime, [Plaintiffs] would have to establish that [Regence] (1) intentionally organized, managed, directed,

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 5

7816656.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

supervised, or financed (2) three or more persons (3) with the intent to engage in a pattern of criminal profiteering activity." *Id*. at 838. And "to allege a profiteering claim based on a 'pattern' of profiteering acts, [Plaintiffs] would have to establish that [Regence] committed an enumerated felony that was part of a pattern of profiteering activity." *Id*. The statute defines "pattern of criminal profiteering activity" to mean "engaging in at least three acts of criminal profiteering . . . the last of which occurred within five years, excluding any period of imprisonment, after the commission of the earliest act of criminal profiteering." RCW 9A.82.010(12). "In order to constitute a pattern, the three acts must have the same or similar intent, results, accomplices, principals, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events." *Id*.

Plaintiffs purported Criminal Profiteering Act claim against Regence (and MultiPlan) is untenable as a matter of law. First, Plaintiffs do not allege in their Complaint the involvement of three or more persons. Second, Plaintiffs completely fail to identify an "enterprise" in their Complaint. *See* RCW 9A.82.010(8). Third, and perhaps most significantly, the alleged "enumerated felony" that forms the supposed basis of Plaintiffs' Criminal Profiteering Act claim is the collection of an "unlawful debt," which has a specific meaning within the context of the Criminal Profiteering Act and is undoubtedly not present in this case.[2] In short, within the context of the Criminal Profiteering Act, the collection of an "unlawful debt" is directed towards illegal efforts to collect gambling debts and "loan sharking" attempts. Defendants' only alleged involvement with Plaintiffs is related to MultiPlan's attempted subrogation efforts following

---

[2] RCW 9A.82.010(21) defines "unlawful debt" as

any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in the state in full or in part because the debt was incurred or contracted:
(a) In violation of any one of the following:
    (i) Chapter 67.16 RCW relating to horse racing;
    (ii) Chapter 9.46 RCW relating to gambling;
(b) In a gambling activity in violation of federal law; or
(c) In connection with the business of lending money or a thing of value at a rate that is at least twice the permitted rate under the applicable state or federal law relating to usury.

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7816656.1

Plaintiffs' tort injuries. Such activities do not involve gambling, horse racing, or lending money at a usurious rate, and Plaintiffs obviously cannot allege otherwise. Accordingly, there is no viable Criminal Profiteering Act claim that can be asserted against Regence. Because Plaintiffs' failure to state a claim against Regence, the only non-diverse defendant, is obvious, it is clear that Regence was improperly joined and should be disregarded for purposes of determining diversity jurisdiction.

C.     **Amount in Controversy**

Federal courts have jurisdiction over suits where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The amount in controversy is the "amount at stake in the underlying litigation," and "includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal quotation marks and brackets omitted). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* at 648-49. Additionally, "where plaintiffs have alleged a specific request for treble damages in the complaint, courts have applied the treble damages request to calculate the amount-in-controversy." *Lim v. Nat'l Gen. Ins. Co.*, No. C15-383RSL, 2015 WL 12025326, at *2 (W.D. Wash. Apr. 30, 2015) (acknowledging demand for treble damages and denying remand); *Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088 RJB, 2014 WL 1047244, at *3 (W.D. Wash. Mar. 18, 2014) (same).

Here, Dr. Zou claims damages "including but not limited to loss of access to and use of her UIM benefits, lost earning capacity, lost opportunity, loss of the benefits of contractual relations with Safeco," as well as "mental distress, discomfort, inconvenience, and other general damages to be proven at the time of trial." Complaint, ¶¶ 7.1-7.2. Though it is not clear what is meant by "lost earning capacity," Plaintiffs' Complaint alleges that Dr. Zou lost "**more than $71,000 in**

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 7

7816656.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    **earning capacity** and benefits" after her accident. *Id.* at ¶ 3.28 (emphasis added). This allegation
2    alone, when coupled with Dr. Zou's other damages demands and request for attorney's fees,
3    indicates that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*,
4    506 F.3d 696 (9th Cir. 2007) (though plaintiffs claimed damages less than $75,000, amount in
5    controversy was satisfied where plaintiffs sought multiple categories of damages, as well as
6    declaratory and injunctive relief); *Michels v. Geico Ins. Agency*, Inc., No. 12-CV-5609-RBL, 2012
7    WL 5866448, at *2 (W.D. Wash. Nov. 19, 2012) (complaint alleged less than $75,000 in damages,
8    but with attorney's fees, treble damages, and punitive damages, court found amount in controversy
9    established).

10    In addition to the above described general and special damages, Dr. Zou also seeks punitive
11    damages for "punishment and deterrence of MultiPlan's fraudulent, intentional, willful and
12    wanton, and grossly negligent conduct and practice," Complaint, ¶ 10.5, as well as treble damages
13    under Washington's Consumer Protection Act, RCW 19.86, *et seq.*[3] Furthermore, she seeks
14    attorney's fees under RCW 19.86.090 for the alleged Consumer Protection Act violation and under
15    RCW 9A.82.100 for the alleged Criminal Profiteering Act violation. *Id.* at ¶¶ 6.2-6.3, 7.2, 7.3.
16    Though Plaintiff may claim that her suit seeks less than $75,000, that claim is far from credible.
17    *See Banuelos v. TSA Washington, Inc.*, 134 Wash. App. 607, 615, 141 P.3d 652 (2006) (affirming
18    award of $90,125 in attorney's fees for CPA claim that resulted in a damages award of $4.27).
19    Upon closer inspection of the Complaint, it is clear that the amount in controversy is satisfied
20    under these circumstances.[4]

---

[3] Ms. Fleming also seeks damages under the Consumer Protection Act and the Criminal Profiteering Act, as well as treble damages and punitive damages. *See* Complaint, ¶¶ 4.5, 6.4, 10.6.

[4] In further addition to Plaintiffs' demand for general, special, and punitive damages, as well as for attorney's fees, Plaintiffs also seek declaratory and injunctive relief, the value of which are "measured by the value of the object of the litigation." *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). "The value of an injunction may not be capable of precise determination, but precision is not required." *Id.* (citation omitted). This additional element of damages is to be considered in determining the amount in controversy.

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7816656.1

## IV. REMOVAL PREREQUISITES

**A.   Venue.**

Under 28 U.S.C. § 1441(a), a state court action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." Here, venue is proper because this matter was pending in King County and the Western District of Washington, Seattle Division, encompasses King County.

**B.   Timeliness of Removal.**

Under 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Because both MultiPlan and Regence were served with the lawsuit on October 5, 2023, this notice of removal is timely filed in accordance with Section 1446(b)(1) and Rule 6 of the Federal Rules of Civil Procedure.

**C.   State Court Record.**

Pursuant to 28 U.S.C. § 1446(a), Defendants include, attached as Exhibit A to the Declaration of Jeffery M. Wells, a copy of the state court record, which includes "a copy of all process, pleadings, and orders served" in this action.

**D.   Service.**

In accordance with 28 U.S.C. § 1446(d), Defendants certify that promptly after the filing of this notice of removal, copies of the notice will be served on opposing counsel and filed with the Clerk of the Court of the Superior Court of Washington for King County to effect the removal of the state court action.

## V. CONCLUSION

For these reasons, Defendants MultiPlan, Inc. and Regence BlueShield submit that this Court has diversity jurisdiction, and respectfully remove this lawsuit from the Superior Court of Washington for King County to this Court.

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 9

7816656.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

DATED this 3rd day of November, 2023.

          s/ Jeffery M. Wells
Jeffery M. Wells, WSBA #45840
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Phone:     206-628-6600
E-mail:    jwells@williamskastner.com

Attorneys for Defendants

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7816656.1

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I caused a true and correct copy of the foregoing document to be delivered to the following counsel of record in the manner indicated:

**Counsel for Plaintiffs Lydia Zou and Blair Fleming:**

| | |
|---|---|
| Andrew Ackley, WSBA #41752 | ☑ Via electronic mail |
| Paul Stritmatter, WSBA #4532 | ☐ Via U.S. Mail |
| Lisa Benedetti, WSBA #43194 | ☐ Via Legal Messenger |
| Stritmatter Kessler Koehler Moore | ☐ Via Overnight Courier |
| 3600 15th Avenue West, Suite 300 | |
| Seattle, WA 98119 | |
| Phone: 206-448-1777 | |
| Email: andrew@stritmatter.com | |
| pauls@stritmatter.com | |
| lisa@stritmatter.com | |
| Debra M. Watt (debbie@stritmatter.com) | |
| Jamie Kessler (JamieK@stritmatter.com) | |

DATED this 3rd day of November, 2023.

s/ Jeffery M. Wells
Jeffery M. Wells, WSBA #45840
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206-628-6600
E-mail: jwells@williamskastner.com

Attorneys for Defendants

NOTICE OF REMOVAL BY DEFENDANTS MULTIPLAN, INC. AND REGENCE BLUESHIELD - 11

7816656.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600