THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYDIA ZOU, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MULTIPLAN, INC., *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C23-1686-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to remand and for attorney fees (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part Plaintiffs' motion for the reasons explained herein.

I.   **BACKGROUND**

The following facts are based on the complaint (Dkt. No. 1-1) and the documents referenced therein. On January 27, 2022, Plaintiff Lydia Zou was injured when an underinsured driver struck her as she was crossing the street. (*Id.* at 9.) Ms. Zou was admitted to Harborview Medical Center where she underwent surgery. (*Id.*) At the time of the accident, Ms. Zou had an underinsured motorist ("UIM") coverage limit of $250,000 through Safeco. (*Id.* at 10.) Less than two months after the collision, Safeco extended the $250,000 policy limit to Ms. Zou. (*Id.*) However, Defendant Regence—who serves as the health plan administrator—delayed payment

of Ms. Zou's bills and requested that she contact Defendant MultiPlan, a subrogation collection company, before accepting her UIM benefits. (*Id.*) MultiPlan initiated subrogation review to verify whether it could seek payment from Ms. Zou. (*Id*. at 11.) The subrogation review, in effect, prevented Ms. Zou from receiving her UIM benefits from Safeco. (*See id.* at 13.)

On April 19, 2023, MultiPlan claimed a right of reimbursement totaling $125,000, or half of Ms. Zou's UIM benefits. (*Id*. at 11.) At no point did MultiPlan provide documentation or a summary of the medical payments for which it claimed a right of reimbursement. (*Id*.) Ms. Zou sought to have MultiPlan waive subrogation because she had not yet been made whole—a requirement under Washington State law.[1] (Dkt. No. 8 at 3.) Yet, on May 11, 2023, MultiPlan determined that Ms. Zou's health plan was a self-funded ERISA plan and thus not subject to Washington's "made whole" rule. (Dkt. No. 1-1 at 12.) However, Ms. Zou's health plan was not an ERISA plan because local government plans are excluded from ERISA. 29 U.S.C.A. §§ 1002(32), 1003(b)(1) (2022).

On June 30, 2023, Ms. Zou's attorney sent a letter to MultiPlan demanding that subrogation be waived. (*Id.*) Two weeks later, MultiPlan waived reimbursement. (*Id.* at 13.) By this point, however, Ms. Zou had lost access to her UIM funds, at least temporarily. (*Id.*) Accordingly, she sued MultiPlan and Regence in King County Superior Court on behalf of a class of similarly situated individuals for unlawful subrogation collection practices. (*See id.*) The putative class requests declaratory and injunctive relief for Defendants' alleged (1) violation of Washington's Consumer Protection Act, (2) tortious interference with contractual relations, and (3) violation of Washington's Criminal Profiteering Act. (*Id.*)

---

[1] The "made whole" rule provides that healthcare coverage providers may not seek reimbursement from a tort victim unless the tort victim is fully compensated for their injuries. *Thiringer v. Am. Motors Ins. Co.*, 588 P.2d 191, 193 (Wash. 1978). [2] Plaintiffs seemingly assert claims exclusively against MultiPlan for (1) deceptive subrogation collection practices in violation of Washington's CPA, (2) tortious interference with contractual relations and expectancy, and (3) violation of the Criminal Profiteering Act. (Dkt. No. 1.)

ORDER
C23-1686-JCC
PAGE - 2

Defendants removed the matter based on diversity jurisdiction. (Dkt. No. 1.) In their removal notice, Defendants argue that Regence—the only non-diverse party—should be ignored for jurisdictional purposes because it was fraudulently joined. (*Id.* at 4.) Plaintiffs now move to remand, arguing the Court lacks subject matter jurisdiction because (1) Regence was properly joined, and (2) the amount in controversy requirement is not satisfied. (*See* Dkt. No. 8 at 11–14.)

## II. DISCUSSION

### A. Remand

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (4th ed. 2013). Once removed, the case can be remanded for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). But "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

According to the notice of removal, Plaintiffs are Washington citizens. (*See* Dkt. No. 1 at 3.) And it is uncontested that Regence is a Washington citizen. (*See* Dkt. No. 2-1 at 3.) Thus, there is no question that if Regence is a proper party in this case, the parties are not completely diverse. *See* 28 U.S.C. § 1332(a)(1). Therefore, the Court must consider whether Regence was fraudulently joined.

1. <u>Fraudulent Joinder</u>

Defendants assert Regence is fraudulently joined because "there are simply no allegations of wrongdoing against Regence." (Dkt. No. 1 at 4.) Indeed, a substantial portion of Plaintiffs' complaint (Dkt. No. 1-1) is devoted to allegations involving MultiPlan.[2] However, Plaintiffs argue that Regence is jointly liable because it acted as MultiPlan's principal and exercised a right of control. (Dkt. No. 8.) Defendants, by contrast, characterize MultiPlan as an independent contractor—not an agent. (Dkt. No. 20 at 5.) Were this to be true, it could not be found liable under agency principles. (*Id*.) But "if there is a *possibility* that a state court would find that the complaint *states a cause of action against any of the resident defendants*, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (emphasis added). Therefore, Plaintiff's motion turns on whether Regence can be found jointly liable for *any* of the causes of actions asserted in Plaintiffs' complaint.[3]

To do so, the Court must first resolve whether Regence may be held jointly liable under a theory of *respondeat superior*. Defendants argue that MultiPlan is an independent contractor as stipulated in their contract. (Dkt. No. 20 at 5–7.) However, the Washington Supreme Court has rejected the wholesale reliance on contractual agreements in construing agency relationship. *See Wilcox v. Basehore*, 389 P.3d 531, 540 (Wash. 2017). Rather, "[whether] one is an employee or an independent contractor depends to a large degree upon the facts and circumstances of the transaction and the context in which they must be considered." *Hollingbery v. Dunn*, 411 P.2d

---

[2] Plaintiffs seemingly assert claims exclusively against MultiPlan for (1) deceptive subrogation collection practices in violation of Washington's CPA, (2) tortious interference with contractual relations and expectancy, and (3) violation of the Criminal Profiteering Act. (Dkt. No. 1.)

[3] Washington law controls the disposition of this issue. And Washington courts apply a less exacting factual requirement than federal courts: While federal courts require facts demonstrating a claim's "facial plausibility," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), under Washington law, a claim is adequately pleaded if facts could be established to support a complaint's allegations. *McCurry v. Chevy Chase Bank, FSB*, 233 P.3d 861, 863–64 (Wash. 2010) (en banc) (declining to adopt the federal standard).

ORDER
C23-1686-JCC
PAGE - 4

431, 435 (Wash. 1966). In other words, Defendants' contract to the contrary does not preclude the existence of a master-servant relationship for which liability may arise. This is particularly true in the context of subrogation recovery. *See e.g., Kosovan v. Omni Ins. Co.,* 496 P.3d 347, 362 (2021) (denying summary judgment because a genuine issue of material fact existed as to whether insurer was liable for contractor's act in sending subrogation letter). And, on the facts as pleaded, Regence does seem to possess the "sole authority and discretion to resolve all disputes regarding the interpretation of [its subrogation] provision." (*See generally* Dkt. No. 1-1 at 2–4.) Clearly, then, there exists a *possibility* that a state court would find Defendant Regence vicariously liable. *Hunter*, 582 F.3d at 1044 (emphasis added).

However, the analysis does not end there. The Court must next resolve whether Plaintiffs possibly allege a colorable claim against Regence. *See id.* They contend that they asserted a valid standalone declaratory claim against Regence pursuant to Washington's Uniform Declaratory Judgments Act, as codified in RCW 7.24 (Dkt. No. 22.) It provides that a party "may have determined any question of construction or validity arising under [a contract] and obtain a declaration of rights, status, or other legal relations thereunder." RCW 7.24.020. It also allows for declaratory relief "whether or not further relief is or could be claimed . . . ." RCW 7.24.010. But "before the jurisdiction of a court may be invoked under the act, there must be a justiciable controversy." *Aji P. v. State*, 480 P.3d 438, 442 (2021).

A justiciable controversy is (1) an actual, present, and existing dispute, (2) between parties having genuine and opposing interests, (3) which involves interests that are direct and substantial, rather than potential, theoretical, abstract, or academic, and (4) a judicial determination of which will be final and conclusive. *Diversified Indus. Dev. Corp. v. Ripley*, 514 P.2d 137, 141 (1973). As to the first requirement, Plaintiffs are seeking a declaratory judgment clarifying (1) their respective rights to relief and (2) Defendants' respective liabilities. (Dkt. No. 8.) That the parties disagree on these fundamental issues is sufficient to show an actual, present, and existing dispute. *See State v. Am. Tobacco Co.*, 537 P.3d 303, 316 (Wash. Ct. App. 2023).

ORDER
C23-1686-JCC
PAGE - 5

As to the next requirement, Defendants are alleged to have engaged in the deceptive use of debt collection practices to induce payment of medical debt before tort victims were made whole. (Dkt. No. 1-1.) No scenario exists in which both parties prevail; rather, it is abundantly clear that the parties have opposing pecuniary and legal interests. In addition, the Court is satisfied that the interests at-issue are both direct and substantial. Regence has a substantial interest in determining the extent of its responsibilities to Plaintiffs. Equally, Regence and MultiPlan have a substantial interest in a declaratory judgment clarifying the nature of their relationship and the extent of their liability to Plaintiffs. Moreover, Plaintiffs have a direct interest in determining their rights. And finally, the issues in this case are susceptible to final and conclusive judicial determination. Fundamentally, Plaintiffs seek a declaratory judgment to determine (i) whether Ms. Zou was made whole by a settlement, (ii) what effect subrogation has on reimbursement under the policy, and (iii) how much from a settlement is owed to the insurer. (Dkt. No. 22.) Therefore, the Court is satisfied that the issues raised present a justiciable dispute.

### B. Attorney Fees

Absent unusual circumstances, courts may award attorney fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Plaintiffs' complaint almost exclusively alleges wrongful conduct on the part of MultiPlan. And while Plaintiffs assert a theory of joint liability, there is no controlling Ninth Circuit precedent that has endorsed default liability in all circumstances. It is possible, in other words, that Regence is not, in fact, jointly liable. *See, e.g.*, *Kosovan,* 496 P.3d at 360–362 ("Whether an entity is an agent or an independent contractor can only be decided as a matter of law where there are no facts in dispute and the facts are susceptible of only one interpretation."). Thus, the Court concludes that Defendants were not objectively unreasonable in moving for removal. Therefore, an award of attorney fees is unwarranted.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Dkt. No. 8) is GRANTED in part and DENIED in part. The Clerk is directed to remand this case to King County Superior Court. But the Court will not award attorney fees.

DATED this 24th day of January 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE